IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BILLY WILLIAM KIRKPATRICK )
)
v. ) NO. 1:19-00025
)
NICHOLAS WILLIAMS )

**TO: Honorable William L. Campbell, Jr., District Judge**

### R E P O R T A N D R E C O M M E N D A T I O N

By Order entered April 16, 2019 (Docket Entry No. 8), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court is the motion for summary judgment filed by Defendant Nicholas Williams (Docket Entry No. 41), to which Plaintiff has not responded. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this case be dismissed.

### I. BACKGROUND AND COMPLAINT

Billy Kirkpatrick ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex in Wartburg, Tennessee. On February 14, 2019, he filed this lawsuit *pro se* and *in forma pauperis* against prison guard Nicholas Williams ("Defendant"), seeking monetary and injunctive relief under 42 U.S.C. § 1983 based on a claim that Defendant used excessive force against Plaintiff in violation of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). The relevant events are alleged to have occurred at the South Central Correctional Facility ("SCCF") where Plaintiff was previously confined. Specifically, Plaintiff alleges that, on September 28, 2018, Defendant "singled plaintiff out" at a time when inmates were out of their cells, verbally harassed him, and sprayed him with pepper spray for no reason. *Id*. at 4-5. Plaintiff contends that Defendant's wrongful actions were somehow linked to

Defendant's failure to follow proper procedures regarding the manner in whcih inmates were released from their cells. *Id.*

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff stated an arguable claim that Defendant, in his individual capacity, violated Plaintiff's Eighth Amendment right to be free form the use of excessive force. *See* Docket Entry No. 8 at 1-2. Defendant was eventually served with process and filed an answer. *See* Docket Entry No. 37. Pursuant to a scheduling order, the parties were given a period for pretrial activity in the action. *See* Docket Entry No. 16 Other than the motion for summary judgment, there are no motions pending in the case.

## II. MOTION FOR SUMMARY JUDGMENT

On April 22, 2020, Defendant filed his motion for summary judgment. The motion is supported by a memorandum of law (Docket Entry No. 43), a statement of undisputed facts (Docket Entry No. 44), Defendant's own declaration (Docket Entry No. 41-1), and the declarations and attachments thereto of SCCF Disciplinary Board Chairperson Gina Gonzales (Docket Entry No. 41-2), SCCF Grievance Chairperson Brenda Pevahouse (Docket Entry No. 41-3), SCCF Records Supervisor Kayla Williams (Docket Entry No. 41-4), and SCCF Nurse Heather Banks (Docket Entry No 42).

Defendant acknowledges that an incident occurred on September 28, 2018, during which he discharged a single, one to three second burst of pepper spray to Plaintiff's facial and neck area. Defendant asserts that he encountered Plaintiff in another inmate's cell while doing a security check and gave Plaintiff several verbal orders to return to his cell, including a warning that the pepper spray would be used if Plaintiff continued to be non-compliant. Defendant asserts that Plaintiff continued to disregard the verbal orders and shouted obscenities at Defendant, causing a disturbance in the housing unit. At this point, Defendant asserts that he used the pepper spray against Plaintiff in order to gain his compliance. Defendant asserts that Plaintiff then entered his cell and was later escorted

to the medical unit, where he was evaluated and found to have no medical issues. Defendant also asserts that two relevant events occurred subsequent to the incident. First, Plaintiff failed to pursue a prison grievance about the alleged use of excessive force by Defendant, but instead filed a Title VI grievance alleging racial discrimination on the part of Defendant. The Title VI grievance was dismissed. Second, Plaintiff ultimately pled guilty to the prison disciplinary infraction of defiance, which prevented him from earning good time credits.

Defendant argues that he is entitled to summary judgment in his favor because: 1) Plaintiff's Title VI grievance was not sufficient to exhaust his available administrative remedies prior to bringing his lawsuit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); 2) the undisputed facts do not support a claim that Defendant used excessive force against Plaintiff in violation of the Eighth Amendment; and, 3) Plaintiff's claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a ruling in Plaintiff' favor would imply the invalidity of the prison disciplinary conviction.

By Order entered April 23, 2020 (Docket Entry No. 45), Plaintiff was notified of the need to respond to the motion and given a deadline of June 10, 2020, to file a response.[1] To date, Plaintiff has not responded to the motion.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the

---

[1] Although Local Rule 56.01 provides that a response is due 21 days after the filing of a motion for summary judgment, Plaintiff was provided with an extended time to file a response.

pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Eighth Amendment Standard for Excessive Force Claim

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). Within the unique context of the prison setting, however, the maintenance of prison security and discipline may require that inmates be subjected to uses of force that would be actionable outside the prison setting. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Accordingly, proving an Eighth Amendment excessive force claim requires a prisoner plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The core judicial inquiry whenever a prison official is accused of using excessive

physical force against a prison inmate in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6-7 (quoting *Whitley*, 475 U.S. at 320-21).

Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, such a claim requires proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 1993). The subjective component "focuses on the state of mind" of the defendant, *Williams*, 631 F.3d at 383, and requires an inquiry into whether the evidence shows that the use of force at issue was directed toward a good-faith effort to maintain or restore discipline or was done maliciously and sadistically to cause harm. *Hudson*, *supra*. In making this inquiry, courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321. Courts may also consider the circumstances "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id*.

The objective component "requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (*quoting Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the level of force that was used by a prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id*.; *Cordell,* 759 F.3d at 581.

B. Summary Judgment on Plaintiff's Claim

Although Plaintiff's allegations were sufficient to permit his claim against Defendant to survive initial review, he has not responded to Defendant's motion for summary judgment and has not provided the Court with evidence that supports his claim and that rebuts Defendant's motion. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported his claim with any affirmative evidence. This is so even though the Court specifically advised Plaintiff of the need to respond to the motion and gave him an extended response deadline. Additionally, Plaintiff has not specifically responded to Defendant's Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court. His failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

6

The undisputed evidence shows that Plaintiff was non-compliant with verbal orders to exit another inmate's cell and to return to his cell, that he shouted obscenities and caused a disturbance in the housing unit, that a limited and measured use of pepper spray was used in an attempt to gain his compliance, and that no other force was used against him. There is no evidence showing that Defendant acted with malice or that his use of force was unrestrained and excessive. The undisputed evidence also shows that Plaintiff was examined by the medical staff after the incident and that he suffered no actual injuries as a result of the use of pepper spray. Finally, the undisputed evidence shows that Plaintiff pled guilty to a disciplinary charge of defiance as a result of the incident. *See* Defendant's Statement of Undisputed Facts at ¶¶ 1-30 and 52.

Given the undisputed facts that are before the Court, there is insufficient evidence from which a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated by Defendant. A valid penological purpose existed for Defendant's use of force against Plaintiff, who was ignoring verbal orders and causing a disturbance. The force used was reasonable and measured given the circumstances that existed and caused little or no injury to Plaintiff. There is simply no evidence supporting a conclusion that the force used against Plaintiff was gratuitous or malicious in violation of his Eighth Amendment rights. The undisputed facts show that no constitutional violation occurred.

Given the Court's conclusion that summary judgment is warranted in favor of Defendant on the underlying merits of Plaintiff's constitutional claim, it is not necessary to address Defendant's alternative arguments for summary judgment.

**RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED that Defendant's motion for summary judgment (Docket Entry No. 41) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any responses to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                                                       Respectfully submitted,

                                                    BARBARA D. HOLMES
                                                  United States Magistrate Judge